IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONNAMARIE JOHNSON**<br><br>    v.<br><br>**CITY OF PHILADELPHIA** | **CIVIL ACTION**<br><br>**NO.  16-3651** |

## MEMORANDUM RE: MOTION TO DISMISS

In this case, Plaintiff Donnamarie Johnson alleges that her employer, the City of Philadelphia ("Defendant") discriminated against her on account of her gender in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA").  Presently before the Court is Defendant's Motion to Dismiss part of Ms. Johnson's claims due to her failure to exhaust administrative remedies.  For the reasons discussed below, Defendant's motion is granted in part and denied in part.

### I.   Factual and Procedural History

Taking Ms. Johnson's allegations as true, the factual background is as follows.  Ms. Johnson, an African American woman, began working for Defendant within the Philadelphia Prison System ("PPS") in September 1987.  ECF No. 1, Cmplt. ¶¶ 9, 12.  Over the course of her 27 year career at PPS, Ms. Johnson rose in the ranks from Correctional Officer to Captain but was unable to obtain further promotion to three positions:

1. Director of Training,
2. Head of the Internal Affairs Department, and
3. Deputy Warden.  Id. ¶¶ 10-11.

Specifically, Ms. Johnson avers that in September or October 2013 she was passed over for the position of Director of Training although she was better educated and held a higher rank than the man who obtained the job.  Id. ¶¶ 13-16, 22-25.  Ms. Johnson further states that at an

1

unspecified time she applied for and did not receive the Internal Affairs job, and that in May 2014 she was passed over for Deputy Warden in favor of a man who had significantly lesser qualifications than she. Id. ¶¶ 16-20.

On November 6, 2014, Ms. Johnson filed a dual administrative complaint (the "Agency Charge") with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging that her failure to obtain the Director of Training and Deputy Warden positions constituted gender-based discrimination. ECF No. 4, Def.'s Mot. at Ex. B, ¶5. After receiving a right-to-sue letter from the United States Department of Justice, Ms. Johnson filed the instant suit on July 1, 2016 (ECF No. 1) in which she states two claims:

1. Disparate Treatment under Title VII (Count I), and
2. Disparate Treatment under the PHRA (Count II).

Defendant filed a Motion to Dismiss for Failure to State a Claim on September 16, 2016 (ECF No. 4) and Ms. Johnson responded on October 11, 2016 (ECF No. 7).

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions;

therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n.3). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A complaint may be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies if the plaintiff does not submit a complaint to the EEOC or relevant state agency and obtain a right-to-sue letter, because both actions are prerequisites to filing suit under Title VII. Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). In considering a motion to dismiss on these grounds, a court may consider the EEOC administrative record without converting the motion into one for summary judgment. Concha v. Perfecseal, Inc., No. 13-5709, 2014 WL 4634965, at *1 n.1 (E.D. Pa. Sept. 15, 2014).

### III. Discussion

#### A. Parties' Contentions

Defendant raises two arguments in support of partial dismissal of Ms. Johnson's claims. First, Defendant contends that Ms. Johnson failed to exhaust required administrative filings for all Title VII claims based on any incidents that occurred prior to January 10, 2014, and for all PHRA claims based on any incidents that occurred prior to May 10, 2014. Def.'s Mot. at 5. Defendant grounds that argument on the statutes' respective requirements for timely filing with

administrative agencies, and Ms. Johnson's failure to timely file her Agency Charge. Second, Defendant argues that Ms. Johnson failed to exhaust her claim based on being denied the Internal Affairs Department promotion because she never pleaded that claim in the Agency Charge. Id. In sum, Defendant does not seek total dismissal of either Count I or Count II. Rather, it seeks to:

1. Preclude Ms. Johnson from pursuing a claim under Count I for discriminatory conduct occurring prior to January 10, 2014;

2. Preclude Ms. Johnson from pursuing a claim under Count II for discriminatory conduct occurring prior to May 10, 2014; and

3. Preclude Ms. Johnson from pursuing a claim under either Count I or Count II for her failure to obtain the Internal Affairs Department promotion.

Ms. Johnson responds by reference to the rule in this Circuit that a claimant will be excused from the exhaustion requirement when the allegations in her civil action "fall[] within the scope of a prior EEOC complaint or the investigation which arose out of it." See Pl.'s Opp'n at 6-7.[1] Ms. Johnson argues that all three incidents of discrimination alleged in the Complaint are within the scope of the Agency Charge because the facts evince an "obvious pattern of discrimination" and because she had no reason to suspect discriminatory motivations until she had been passed over for the third and final promotion. Id. The Court will take each of Defendant's arguments in turn.

### B. Analysis – Director of Training – Timeliness

Under Title VII, a claimant in Pennsylvania must file a charge of unlawful employment practice with the EEOC within 300 days of the alleged unlawful practice. 42 U.S.C. § 2000e5(e)(1); Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013). Similarly,

---

[1] Because there are no page numbers in Plaintiff's Opposition, the references to that document in this Memorandum are to the ECF page numbering.

a claimant must file a complaint with the PHRC within 180 days of the alleged discriminatory act. 43 Pa. Stat. Ann. § 959(h); Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997). These requirements apply to adverse employment actions, including promotion decisions. Noel v. The Boeing Co., 622 F.3d 266, 270 (3d Cir. 2010) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)). Indeed, the Supreme Court has been clear that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges" and that the failure to promote is an example of such a "discrete discriminatory act." Morgan, 536 U.S. at 113-14 (reversing application of the continuing violations doctrine to discrete employment acts, such as a failure to promote, that occur outside the timely filing period).

Here, Ms. Johnson contends that Defendant discriminatorily failed to promote her to Director of Training in September or October 2013, but Ms. Johnson did not file her administrative agency charge until November 6, 2014, which is over three hundred days after the alleged instance of discrimination. Per the Supreme Court's holding in Morgan, Ms. Johnson's Title VII (Count I) and PHRA (Count II) claims as to that failure to promote will be time-barred unless we find that the discovery rule or equitable tolling applies. See Morgan, 536 U.S. at 114 (noting employment discrimination filing periods remain subject to equitable doctrines).[2]

    i. **Discovery Rule**

---

[2] The timeliness analysis that follows focuses exclusively on Ms. Johnson's contention regarding the Director of Training position because that is the only one of her allegations that falls outside of the prescribed statutory time limits. But, we note that Ms. Johnson's averment regarding her failure to obtain the Internal Affairs Department position may also be subject to dismissal due to the timing requirements, as the specific date on which that incident occurred is not alleged. Ms. Johnson states in her Opposition that it was subsequent to September or October 2013 and that "she believes it was in 2014." Pl.'s Opp'n at 6. At this juncture, we find that Plaintiff's allegation as to this incident is sufficiently specific to survive dismissal, but to the extent that the incident did not occur within the prescribed statutory time limits, the following timeliness analysis will apply to bar that claim. See Brooks v. City of Phila., No. 06-4174, 2007 WL 773720, at *4 (E.D. Pa. Mar. 9, 2007) (finding that where "[a]ll of the incidents described by [the] [p]laintiff either include a specific date, or are related to another incident that includes a specific date," the plaintiff's claims survived dismissal) (emphasis added).

The discovery rule "postpone[s] the beginning of the statutory limitations period from the date when the alleged unlawful employment practice occurred, to the date when the plaintiff actually discovered he or she had been injured." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994). The relevant injury for purposes of this rule is not the plaintiff's legal injury but rather her actual injury which, in an employment discrimination case, is the adverse employment action. Id. at 1386. Therefore, for purposes of determining the date of accrual of such a case it is irrelevant when the plaintiff became aware that she had been legally wronged; what matters is when the plaintiff learned the adverse action had been taken. Id.

Here, Ms. Johnson defends her position on the timeliness point by arguing that she chose not to file an EEOC charge upon being passed over for the Director of Training position because she did not "suspect[] a wrongdoing" at that point. Pl.'s Opp'n at 7. She instead "set [her] sights on the next opportunity at PPS" and applied for two other positions within the next several months, only concluding that her failure to obtain the Director of Training position was due to discrimination after having been denied the two subsequent promotions. Id. But, Ms. Johnson's subjective unawareness of the alleged discriminatory motivation underlying Defendant's failure to promote her is insufficient to bring her claim within the purvey of the discovery rule. The Third Circuit has established that the date on which a failure to promote claim accrues is the date on which the plaintiff gained knowledge, either actual or imputed, that she was denied the position. See Oshiver, 38 F.3d at 1390-91.

In Oshiver, the court held that for purposes of determining the date of accrual of a discrimination claim, it was irrelevant whether the plaintiff "may have been deceived regarding the underlying motive behind her discharge." Id. at 1391. Instead, what was key to the analysis

6

was the date on which her termination was conveyed to her because on that date she "became aware (1) that she had been injured, i.e., discharged, and (2) that this injury had been caused by another party's conduct." Id.  Similarly, in Winder v. Donahoe, No. 11-878, 2012 WL 3562518 (E.D. Pa. Aug. 17, 2012), the court did not credit the plaintiff's argument that her discrimination claim began to accrue only when she discovered that the individual who had received the promotion at issue was a less qualified man. Winder, 2012 WL 3562518, at *7.  The court found it "ma[de] no difference . . . whether or not she knew that her non-selection was predicated on discrimination." Id.; see Podobnik v. U.S. Postal Serv., 409 F.3d 584, 590-91 (3d Cir. 2005) (holding that the plaintiff's age discrimination claim accrued once he learned he had been terminated, regardless of his ignorance at that time that he had suffered a legal injury).

The law is clear that Ms. Johnson's claim regarding her failure to obtain the Director of Training position accrued on the date she learned she did not receive the position, which was over three hundred days prior to her filing the Agency Charge.  Therefore, the discovery rule will not allow her to circumvent the timing requirements of Title VII and the PHRA as to the Director of Training position.

### ii. Equitable Tolling

Ms. Johnson's claim may also be saved via equitable tolling, which "functions to stop the statute of limitations from running where the claim's accrual date has already passed." Oshiver, 38 F.3d at 1387.  There are three situations in which equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff [with respect to] the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Id.  "Equitable tolling is an extraordinary remedy which should be extended only

7

sparingly." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).

Ms. Johnson provides no basis on which to toll her claim because she does not aver that Defendant had anything to do with her failure to timely file it. Rather, she blames her late filing on a lack of knowledge that the decision had been discriminatory as well as an interest in taking advantage of the other opportunities for promotion within PPS that she knew to be available. Pl.'s Opp'n at 7. Neither of these justifications bespeaks a malicious or misleading intention by Defendant or indeed implicates Defendant in any way. That is fatal to any argument that Ms. Johnson's claim should be equitably tolled, because Ms. Johnson has failed to show that "[her] employer's own acts or omissions have lulled [her] into foregoing prompt attempts to vindicate . . . [her] rights." Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 (3d Cir. 1983) (quoting Bonham v. Dresser Indus., Inc., 569 F.2d 187, 193 (3d Cir. 1977)). Ms. Johnson has not alleged, for instance, that she asked Defendant why she did not receive the promotion and was told something that "deceived [her] into postponing the filing of a claim." See Meyer, 720 F.2d 303, 305, 308 (reversing grant of summary judgment on age discrimination claim because material dispute existed regarding whether claim should be equitably tolled, where the plaintiff had asked his employer why he was terminated and was told that it was due to a reorganization, causing the plaintiff not to sue).

In addition to Ms. Johnson's failure to show any deceitful action on Defendant's part, she has not shown the requisite diligence. "A petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in [the] way.'" Satterfield v. Johnson, 434 F.3d 185, 188 (3d Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997) (finding no grounds for equitable tolling where plaintiff received misleading advice from

an EEOC employee but conducted no further inquiry into the proper procedures for filing a claim, because "[r]unning throughout the equitable estoppel cases is the obligation of the plaintiff to exercise due diligence to preserve his or her claim"). Here, Ms. Johnson does not allege that she sought any information from Defendant regarding her failure to obtain the Director of Training position, as the plaintiff in Meyer did.

Further, the length of time between Ms. Johnson learning of the employment decision and her filing the Agency Charge sways against tolling her claim. In Hart v. J.T. Baker Chem. Co., 598 F.2d 829 (3d Cir. 1979), the court determined that the district court did not err in declining to toll Title VII's timing requirements because the plaintiff had waited 421 days, an "extended period of time," after her discharge to contact the EEOC. Hart, 598 F.2d at 834. Here, Ms. Johnson waited at least 371 days[3] between being informed of her failure to obtain the Director of Training position and her filing of the Agency Charge, and, just as in Hart, there is no evidence that "[D]efendant contributed to this delay." See Hart, 598 F.2d at 834. Because Ms. Johnson's reasons for failing to timely file the Agency Charge are unrelated to any act or omission by Defendant, there is no basis on which to toll her claim relating to the Director of Training position.

### iii. Continuing Violation

Finally, Ms. Johnson cannot salvage her late-filed claim by application of the continuing violation doctrine. This doctrine holds that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. Of Carpenters &

---

[3] Ms. Johnson alleges that she was denied the position in September or October 2013, and she filed the Agency Charge on November 6, 2014. Cmplt. ¶ 13. There are 371 days between October 31, 2013 and November 6, 2014.

Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991). However, the Supreme Court has held that a discrete discriminatory act such as the failure to promote, "even when related to acts alleged in timely filed charges," is not subject to the doctrine. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002). Rather, "[e]ach discriminatory act starts a new clock for filing charges alleging that act." Id. (including in a list of acts for which the doctrine will not apply "termination, failure to promote, denial of transfer, [and] refusal to hire"); see O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006) (applying Morgan to find that the discrete acts that the plaintiff alleged "cannot be aggregated under a continuing violations theory").

Therefore, Ms. Johnson's failure to obtain the Director of Training position in September or October 2013 is a "discrete discriminatory act" for which the statute of limitations began running on the day that Ms. Johnson learned of the decision. Under Morgan, Ms. Johnson cannot avail herself of the continuing violations doctrine.

For the foregoing reasons, Ms. Johnson's claims under Count I and Count II are limited insofar as she may not state a claim under either Count based on Defendant's failure to promote her to the Director of Training position in September or October 2013.

### C. Analysis – Substance of Agency Charge – Internal Affairs Department Position

Defendant's second main argument is that Ms. Johnson failed to exhaust her claim regarding being passed over for the Internal Affairs Department position because she did not specifically plead it in the Agency Charge, and that she is therefore precluded from pursuing a claim under either Count I or Count II based on that incident. Def.'s Mot. at 5. Ms. Johnson does not squarely address this contention in her Opposition except insofar as she argues that all claims asserted in her civil action are within the scope of the Agency Charge because they are part of

the same "pattern of discriminatory conduct." Pl.'s Opp'n at 7. She bases her argument entirely on Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984), in which the court held that "[a] victim of discrimination is not required to exhaust administrative remedies with respect to a claim concerning an incident which falls within the scope of a prior EEOC complaint or the investigation which arose out of it." Id. at 235.

In her Agency Charge, Ms. Johnson generally asserted claims for gender and racial discrimination, but only specified two instances of discrimination as the basis for her complaint: (1) not obtaining the position of Director of Training and (2) not obtaining the position of Deputy Warden. Id. at Ex. B, ¶¶ 4-5.

As described above, prior to filing a Title VII suit or a suit under the PHRA, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC or the PHRA, respectively. Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997). To determine whether a charge of discrimination suffices to exhaust a specific claim, the court must evaluate whether "the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting Waiters, 729 F.2d 233, 235 (3d Cir. 1984)). Claims are within the scope of the original charge if they "may fairly be considered explanations of the original charge and growing out of it." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 399 (3d Cir. 1976). Further, the parameters of the civil action are not defined by the investigation actually undertaken by the EEOC but rather by "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Ostapowicz, 541 F.2d at 398-99; see Hicks v. ABT Assoc., Inc., 572 F.2d 960, 966 (3d Cir. 1978) ("If the EEOC's investigation is unreasonably narrow or improperly conducted, the plaintiff should not be barred

from his statutory right to a civil action."). The court's approach must be "to examine carefully the prior pending EEOC complaint and the unexhausted claim on a case-by-case basis before determining that a second complaint need not have been filed." Robinson, 107 F.3d at 1024.

Therefore, in order for Ms. Johnson to proceed with her claims based on her failure to obtain the Internal Affairs Department position, the allegations pleaded in the Complaint must fall within the scope of the Agency Charge or resulting investigation. Based on a review of the Agency Charge and the pertinent case law, we find that it does.

First, Ms. Johnson raises the same grounds for relief in her Complaint as she did in her Agency Charge: failure to promote. That stands in contrast to Antol, in which the plaintiff brought a disability discrimination claim in his EEOC charge and then argued that a gender discrimination claim was fairly within the scope of the charge. Antol, 82 F.3d at 1295. There, the court found that the EEOC could not have been put on notice of a gender discrimination claim where "the gravamen of [the plaintiff's] complaint [was] disability discrimination." Id. at 1296. In the instant matter there is no danger that either agency lacked notice of the thrust of Ms. Johnson's claims, as Ms. Johnson does not raise any new legal theories in her Complaint that were not stated in the Agency Charge. Similarly, in Waiters the court held that Title VII's exhaustion requirement did not bar the plaintiff's retaliatory discharge claim where the EEOC had completed an investigation of a pattern of retaliatory acts by the defendant prior to the plaintiff's termination. Waiters, 729 F.2d at 237. The court reasoned that although "the allegedly discriminatory officials and acts [were] different, the core grievance—retaliation—[was] the same." Id. at 238. In this case, too, the heart of Ms. Johnson's EEOC complaint is Defendant's failure to promote her based on gender discrimination, and that is likewise the crux of her civil action.

Second, Ms. Johnson's claim regarding the Internal Affairs Department position does not arise on a set of facts wholly distinct from the facts pertinent to the two claims that she specifically pleaded.  See Sandom v. Travelers Mortg. Servs., Inc., 752 F. Supp. 1240, 1247-48 (D.N.J. Dec. 20, 1990).  Indeed, in investigating the positions that Ms. Johnson alleged she failed to obtain because of her gender, "the EEOC likely would have investigated any other instances in which [Ms. Johnson] had applied for a promotion that was denied."  Santos v. Engelhard Corp., No. 05-203, 2009 WL 2432736, at *6 (S.D.N.Y. Aug. 6, 2009); Jimenez v. City of New York, 605 F. Supp. 2d 485, 499-500 (S.D.N.Y. Mar. 19, 2000) (where the plaintiff only specified two instances of failures to promote in her EEOC charge, court found it had jurisdiction to "hear claims based on all [job] applications submitted on or after . . . 300 days before the EEOC charge[] because these claims were mentioned on the face of the EEOC complaint and also because they are reasonably related to the two posting explicitly mentioned in the EEOC charge, as claims that were 'carried out in precisely the same manner as the claims alleged in the EEOC charge.'") (quoting Butts v. N.Y.C. Dep't of Hous. Pres. & Dev,, 990 F.2d 1397, 1401-02 (2d Cir. 1993)).  Here, too, Ms. Johnson's Agency Charge claims gender-based discrimination in Defendant's failures to promote her and states that the "discriminatory practices were of a continuing nature and have persisted into the present."  Def.'s Opp'n, Ex. B at ¶¶ 4, 7.  We find that these allegations are sufficient to encompass Ms. Johnson's claim regarding the Internal Affairs Department position, notwithstanding the fact that she did not specifically plead that in the Agency Charge.

## IV.    Conclusion

Defendant's Motion will be granted with respect to Ms. Johnson's claim under both Counts I and II that she was discriminatorily denied the Director of Training position, because Ms.

Case 2:16-cv-03651-MMB   Document 9   Filed 12/08/16   Page 14 of 14

Johnson failed to exhaust her remedies with respect to that incident.

Defendant's Motion will be denied with respect to Ms. Johnson's claim under both Counts I and II that she was discriminatorily denied the Internal Affairs Department promotion, because that claim is fairly subsumed within the Agency Charge.

Defendant does not seek dismissal of Ms. Johnson's claim regarding the Deputy Warden position, which claim will proceed.

O:\CIVIL 16\16-3651 Johnson v Phila\Memo re MTD.docx

14